SAMUEL T. JONES, plaintiff in error, vs. HILL & COOK, defendants in error.

In case against livery-stable keepers, for carelessly tying a horse, whereby he choked himself to death, a witness swore, that he told " the negro boy in attendance at the stables," not to tie the horse. The witness and the plaintiff were horse drovers, driving their horses in company. At the time when these words were spoken to the negro, it did not appear where the owners of the stables were.

*Held,* That the words were admissible in evidence, for the plaintiff.

Action on the case, from Dougherty county. Tried before Judge Allen, May Term, 1858.

Jones, the plaintiff, in company with another, put his stock of horses up at the stables of defendant, in Albany. Next morning one of the horses was found dead, with a halter around his neck, being choked to death; and Jones brought this suit to recover the value of the horse.

On the trial, the interrogatories of Charles Conley were read, proving that defendants kept stables at Albany, and plaintiff put up his horses with them; witness told the negro boy in attendance at the stables, not to tie the horse, the subject of this suit; if he did, the horse would be liable to hurt himself, but to tie a rope behind him; but the negro tied a rope around his neck, and the horse was choked dead the next morning; does not know the rules of the stable, or that the horse was given into the keeping of the proprietors particularly, or that they were present when he said the foregoing to the negro, or that the plaintiff gave any instructions about the horse himself.

The value of the horse, &c., was proved.

On motion of defendant, the Court ruled out what the witness testified he said to the negro; and also, on motion of defendant's counsel, awarded a nonsuit, and plaintiff by his counsel, then and there excepted to said rulings of the Court, and assigned error.

Morgan, for plaintiff in error.

Strozier & Slaughter, for defendants in error.

*By the Court.*—Benning J. delivering the opinion.

Was the Court below right in excluding what the witness, Conley, told the negro?

What was thus excluded, was certainly pertinent on the

question of diligence.    It was, therefore, admissible, if it was legal.

Counsel for the defendants say, that it was not legal; they say, that Conley had no authority from Jones, the plaintiff, to tell any body any thing; and that if he had any authority, to give instructions about the horse, a negro was not the person to give them to, when the master was present.

But as to the first of these positions,—is it true, that Conley had not this authority from Jones? He and Jones were " drovers," traveling together selling horses, and, no doubt, each was assisting the other in attending to his horses. If so, each was agent for the other in a matter relating to stabling the horses.

And then, is it too much to presume, that, as the two were traveling in company, Jones was actually present when the directions were given by Conley to the negro?

And, supposing it true, that Conley did not have this authority from Jones, yet was *authority* necessary? Was it not enough, that the livery-stable keepers had *information*, come from what source it might, as to the danger of tying the horse? Having such information, they would have an opportunity to protect themselves from the unusual risk,— they would have the chance to say, we will not receive such a horse. Receiving the horse, therefore, was impliedly undertaking to bestow on him, the degree and kind of care which, according to their information, his qualities demanded.

We think, that this first position is not tenable.

As to the second position. The counsel for the defendant admits, that if, when the directions were given to the negro, the stables were in the care of the negro, and the masters were absent, the negro was a proper person to receive the directions. And this is no doubt true.

It appears, that when the directions were given to the negro, he was "in attendance at the stables," it does not appear whether the owners of the stables were then present at the stables or not, it does not appear, where they then were.

Now it must be true that they were either present, or absent, at that time. But if they were present, it is to be presumed, that they themselves heard the directions; and if they were absent, it was sufficient that the negro heard them. Either way, therefore, the directions were sufficient, so far as it concerned the person to whom they were given.

We think, therefore, that the Court below erred, in excluding what the witness, Conley, told the negro; and, therefore, that the case ought to be reinstated.

It becomes needless, to say any thing further about the nonsuit.

Judgment reversed.